### WHITE v. CAMPBELL.
#### Civ. A. No. 114. In Admiralty.

United States District Court
W. D. Pennsylvania.
March 22, 1951.

196

Hymen Schlesinger, Pittsburgh, Pa., for petitioner.

Bruce R. Martin, Esq., of Dalzell, Mc-Fall, Pringle & Bredin, Pittsburgh, Pa., for respondent.

McVICAR, District Judge.

And now, to-wit, this 22nd day of March, 1951, the above-entitled case came on for hearing before the Court without a Jury, and after consideration thereof, the Court makes the following Findings of Fact, Conclusions of Law, and Order:

Findings of Fact.

1. Libellant is a citizen and resident of Pittsburgh, Pennsylvania.

2. Respondent is a citizen and resident of Pittsburgh, Pennsylvania and does business under the name of Coal City Towing Company.

3. The libellant, Charles White, was a deckhand on the vessel "Nancy Jane" owned by the respondent, Thomas L. Campbell, prior to and during the months of October and November, 1945.

4. The said vessel "Nancy Jane" was in navigation on the Ohio River and its tributaries in October and November, 1945.

5. Sometime during October or November, 1945, while working aboard the "Nancy Jane", libellant was proceeding upon a wooden ladder from the bridge of the vessel to a barge being towed by the vessel.

6. While upon the ladder, several rungs broke, causing libellant to fall, injuring his right shoulder, right arm, right knee and abdomen.

7. Libellant continued to work for two days and then missed the boat while docked and since has not been employed in any capacity.

8. In May, 1947, a settlement was entered into by libellant and respondent, the terms of which constituted a complete settlement of a Civil Action brought under the Jones Act, 46 U.S.C.A. § 688, and settlement of a claim for maintenance and cure until May, 1947. The stipulation entered into, by its terms, was not to act as an admission of liability on the part of respondent, nor is it a bar to the present action now under consideration.

9. Libellant is sixty-six years of age, and has been receiving a disability pension by virtue of an arthritic condition since the end of World War I.

10. Shortly after the accident, libellant entered the United States Marine Hospital Clinic in Pittsburgh for medical treatment of his side, but did not receive any treatment for his shoulder injury.

11. In March, 1946, libellant was admitted to the Allegheny General Hospital

where he was treated for a dislocated shoulder. At this time, libellant gave a history of an injury unrelated to the events giving rise to this cause of action.

12. Subsequently, libellant entered the Veterans' Hospital for further treatment, and again failed to relate the events giving rise to this libel as the cause of his injuries.

13. Libellant's reason in not revealing the facts of his accident aboard the "Nancy Jane" to the authorities at said hospitals was that he was under the impression that admission would be denied him and that he would be sent to the United States Marine Hospital for care.

14. Libellant presently is disabled by virtue of an arthritic condition in the joints of his right shoulder, right arm and right knee.

15. The accident occurring aboard the "Nancy Jane" aggravated his existing arthritic condition.

16. Fifty percent of his disability is attributable to the accident occurring aboard the "Nancy Jane". Fifty percent is chargeable to causes not related to the accident on the "Nancy Jane".

17. Applicant is presently in need of medical attention and proper treatment may alleviate his disability.

18. A stipulation was entered into between the parties, whereby it was agreed that maintenance and cure should be computed at the rate of $3.50 per day for total disability.

19. Libellant is entitled to recover from respondent maintenance and cure for twelve hundred forty-eight (1248) days at the rate of $1.75 per day for 1248 days, and costs.

### Conclusions of Law.

1. This case is within the jurisdiction of this Court by virtue of the Maritime and Admiralty Laws of the United States.

2. Libellant was injured while in the service of respondent and on a vessel owned and operated by him, and while he was employed thereon as a seaman and member of the crew.

3. Libellant is entitled to recover from respondent maintenance and cure for twelve hundred forty-eight (1248) days at the rate of $1.75 per day for 1248 days, and costs.

### Order of Court.

And now, this 22nd day of March, 1951, it is ordered and directed that an order for judgment in accordance with the foregoing Findings of Fact and Conclusions of Law be submitted to the Court.